DAVID L. ANDERSON (CABN 149604)
United States Attorney

HALLIE HOFFMAN (CABN 210020)
Chief, Criminal Division

CASEY BOOME (NYBN 5101845)
RYAN REZAEI (CABN 285133)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7200
    FAX: (415) 436-7234
    casey.boome@usdoj.gov
    ryan.rezaei@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> LORENZO LEE, <br>   a/k/a "O.G.," <br> JEFFREY MCCOY, <br> ANTHONY BROWN, <br>   a/k/a "Ant Man," <br> DESHAWNTE GAMBOA, <br> DEBORAH POLK, <br> EVAN MARTINEZ-DIAZ, <br> MAGO AGUILAR-PACHECO, <br> CESAR ALVARADO, <br> JESSE LOPEZ, III, <br> JOSE DELGADILLO, <br>   a/k/a "Tepa," <br> MARCO DELGADILLO, <br>   a/k/a "Tonio," <br> LUIS TORRES-GARCIA, <br>   a/k/a "Guero," and <br> TIMOTHY PEOPLES, <br>   a/k/a "Tee," <br><br> Defendants. | NO. CR 19-226 RS <br><br> STIPULATION AND [~~PROPOSED~~] <br> PROTECTIVE ORDER RE: DISCOVERY |

[PROPOSED] PROTECTIVE ORDER
No. 19-CR-0226 RS

The government and the defendants in the above-captioned matter, by and through undersigned counsel, hereby stipulate and request that the Court enter the following Protective Order governing the production of discovery in this action.  The parties agree that this Protective Order shall apply to discovery deemed "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER" produced prior to and after the date on which the Court signs the Protective Order.  The parties further agree that this Protective Order does not enlarge or alter their respective obligations under Federal Rule of Criminal Procedure 16.

The defendants are currently charged with various drug-related offenses in an 18-count Indictment.  In the near future, the United States will produce sensitive discovery, including wiretap and electronic communication-related documents, law enforcement reports, and other documents and evidence that contain information concerning confidential sources, uncharged third parties, and areas of investigation that are not yet completed (hereinafter collectively referred to as "Protected Information").  Many of these sensitive documents are currently under seal by order of the Court.

As such, the parties agree that the Court should order that the Protected Information be made available to the attorneys for the defendants subject to the following Protective Order limiting the dissemination of this information.

To ensure that Protected Information is not subject to unauthorized disclosure or misuse,

**IT IS HEREBY ORDERED** that all Protected Information be marked as "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER" by the United States when produced to the defense.  Defense counsel of record, his or her investigators, assistants, employees, and independent contractors (collectively, "the defense team") may review with defendant all discovery material produced by the government.  No member of the defense team shall provide any defendant with copies of, or permit any defendant to make copies of, or have unsupervised access to, the Protected Information.  The government and defense counsel are ordered to, and shall continue to, work together to ensure that these materials are protected, but that each defendant has as much access to the materials as can be provided consistent with this Court's Order.

Defense counsel also may provide copies of Protected Information to any experts retained to assist with the preparation of the defense in the captioned case, to any appellate counsel, and to any new

defense counsel.  Defendants, all members of the defense team, any appellate counsel, any new defense counsel, and any experts who receive Protected Information under this Protective Order shall be provided a copy of this Protective Order along with those materials and shall initial and date the Protective Order reflecting their agreement to be bound by it.  This Protective Order shall also apply to any copies made of any materials covered by this Protective Order.

The materials provided pursuant to this Protective Order may only be used for the specific purpose of preparing or presenting a defense in this matter, unless specifically authorized by the Court.

**IT IS FURTHER ORDERED** that, if any defendant disagrees that material should be Protected Information, counsel for such defendant shall meet and confer with the United States regarding the issue, and the United States may, at its option, de-designate material as Protected Information.  If the parties cannot agree on whether material should remain Protected Information, defendant may file a motion with the Court.  Until the Court rules on that motion, all materials designated as Protected Information shall continue to be treated as Protected Information.

**IT IS FURTHER ORDERED** that neither the defendants nor any member of the defense team shall provide any Protected Information to any third party (*i.e.*, any person who is not a member of the defense team) or make any public disclosure of the same, other than in a sealed court filing, without the government's express written permission or further order of this Court.  However, the defense team may review Protected Information with a potential trial witness without the government's permission, provided that no member of the defense team shall provide a potential witness with copies of, or permit a potential witness to make copies of, or have unsupervised access to, the Protected Information.  If a party files a pleading that references, contains, or attaches Protected Information subject to this Protective Order, that filing must be under seal.[1]

**IT IS FURTHER ORDERED** that, if after the conclusion of the case, any defendant is represented by new counsel and files a motion pursuant to 28 U.S.C. § 2255, the United States will provide new counsel with the documents and materials subject to and under the terms of this Protective Order.  This stipulation is without prejudice to any party applying to the Court to modify the terms of

---

[1] This Order authorizes such filings under seal, and the parties are not required to seek additional authorization from the Court to do so.

any protective order, with respect to pro se litigation pursuant to 28 U.S.C. § 2255 or otherwise. This Court shall retain jurisdiction to modify this Protective Order upon motion of any party even after the conclusion of district court proceedings in this case.

DATED: June 26, 2019

Respectfully submitted,
DAVID L. ANDERSON
United States Attorney

_____/s/ *Casey Boome*_____
CASEY BOOME
Assistant United States Attorney

_____/s/ *with permission*_____
ETHAN ATTICUS BALOGH
Attorney for Marco Delgadillo

_____/s/ *with permission*_____
RICHARD B. MAZER
Attorney for Lorenzo Lee

_____/s/ *with permission*_____
CANDIS MITCHELL
Attorney for Anthony Brown

_____/s/ *with permission*_____
SCOTT A. SUGARMAN
Attorney for Timothy Peoples

_____/s/ *with permission*_____
JAMES SCOTT THOMSON
Attorney for Deshawnte Gamboa

_____/s/ *with permission*_____
JESSICA WALSH
Attorney for Jose Delgadillo

_____/s/ *with permission*_____
RANDY SUE POLLOCK
Attorney for Deborah Polk

IT IS SO ORDERED.

DATED: June 26, 2019

_____
HON. RICHARD SEEBORG
United States District Judge

[PROPOSED] PROTECTIVE ORDER       4
No. 19-CR-0226 RS